

Refused charge 5 states a correct proposition of law, but was covered by the oral charge of the court.

■ There was no evidence in the case tending to prove that the defendant, while elsewhere, aided or abetted in the commission of the offense. Under the evidence, the defendant was either present at the still and actively engaged in possessory acts or he was absent and had nothing to do with it. The court in his general charge went outside the evidence and charged the jury that the defendant might be elsewhere and yet, if he aided or abetted in the crime, he would be guilty. This as an abstract proposition of law was correct, but it had no place in this trial. In undertaking to meet this phase of the charge, the defendant requested the court to give the following written charge: "I charge you there is no evidence before you that defendant while absent from the still aided or abetted another who was in possession of the still." This charge should have been given.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

Wilson Kelley, of Vernon, for appellant.
R. G. Redden, of Vernon, for appellees.

RICE, Judge.

■ Appellant is responsible for this appeal; and, if we understand the contentions in the briefs filed here on his behalf, one of same is that the appeal is improperly taken. He will not be heard to so complain.

■ Another contention seems to be in behalf of the sureties on appellant's bond. Such is premature, or without the purview of the present duty of this court.

■ The appeal is on the record proper, without bill of exceptions. It has been ruled that the duty rests upon appellant to not only "assign error," but to, in his brief, "point it out" and "argue it," with citation of authorities, if such exist. Great Atlantic & Pacific Tea Co. v. Smalley (Ala. App.) 156 So. 639.[1] In this case this has not been done. Of course, we do not intimate that appellant's counsel has been remiss in his duty. It may be that the rulings apparent were without error.

The judgment is affirmed.

Affirmed.

162 So. 408
### NORTHINGTON v. PRIDDY et al.
#### 6 Div. 817.

Court of Appeals of Alabama.
June 25, 1935.

162 So. 553
### JOHNSON v. STATE.
#### 4 Div. 24.

Court of Appeals of Alabama.
June 4, 1935.

Rehearing Denied June 25, 1935.